1  AARON H. COLE, CA Bar No. 236655
   aaron.cole@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone: 213-239-9800
   Facsimile: 213-239-9045
5
   SUSAN M. WILSON, CA Bar No. 143908
6  susan.wilson@ogletree.com
   OGLETREE, DEAKINS, NASH,
7  SMOAK & STEWART, P.C.
   3430 E. Sunrise Drive, Suite 220
8  Tucson, AZ 85718
   Telephone: 520-544-0300
9  Facsimile: 520-544-9675

10 Attorneys for Defendants
   SEAWORLD PARKS &ENTERTAINMENT, INC.
11 and SEA WORLD LLC

12                    **UNITED STATES DISTRICT COURT**

13                    **SOUTHERN DISTRICT OF CALIFORNIA**

14 | JANEEN JONES, an individual; | Case No. **'22CV218 BAS JLB** |
15 | MARIA GLANCY, an individual; | |
   | GRACE YAMBRACH, an individual, | **DEFENDANTS SEAWORLD PARKS** |
   | and KRISTY PRATHER, an individual, | **& ENTERTAINMENT, INC. AND** |
16 | on behalf of themselves and all others | **SEA WORLD LLC'S NOTICE OF** |
   | similarly situated | **REMOVAL OF CIVIL ACTION TO** |
17 | | **UNITED STATES DISTRICT COURT** |
18 |         Plaintiffs, | [Filed concurrently with Civil Cover |
   | | Sheet; Certification of Interested Parties |
19 |    v. | and Disclosure Statement; Notice of |
   | | Related Cases; Declarations of Jeffrey |
20 | SEAWORLD PARKS & | Schwartz and Christopher Hagerman in |
   | ENTERTAINMENT, INC., a Delaware | Support of Removal] |
21 | Corporation; SEA WORLD LLC, a | |
   | Delaware Limited Liability Company; | |
22 | and DOES 1-50, inclusive, | Complaint Filed: November 18, 2021 |
   | | Trial Date:       None |
23 |         Defendants. | ___ |

24
25
26
27
28

                                                        Case No. _____
   DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S
   NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS JANEEN JONES; MARIA GLANCY; GRACE YAMBRACH AND KRISTY PRATHER AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendants SeaWorld Parks & Entertainment, Inc. and Sea World LLC ("Defendants" or "SeaWorld"), by and through the undersigned counsel, hereby join in removing the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1332(d), 1441, 1453, and 1446. Defendants allege the following grounds for removal:

## PROCEDURAL BACKGROUND

1. On November 18, 2021, Plaintiffs filed a Complaint initiating this proceeding against Defendants in the Superior Court of the State of California for the County of San Diego, entitled *Janeen Jones, an individual; Maria Glancy, an individual; Grace Yambrach, an individual; and Kristy Prather, an individual, on behalf of themselves and all other similarly situated, Plaintiffs, v. SeaWorld Parks & Entertainment, Inc., a Delaware Corporation; Sea World LLC, a Delaware Limited Liability Company, and Does 1-50, inclusive, Defendants*.

2. Defendant SeaWorld Parks & Entertainment, Inc. received service of the Complaint on November 18, 2021. A copy of the Summons and Complaint, and all other documents served on SeaWorld Parks & Entertainment, Inc. are attached hereto as Exhibit "A."

3. Defendant Sea World LLC received service of the Complaint on November 18, 2021. A copy of the Summons and Complaint, also naming Defendant SeaWorld Parks & Entertainment, Inc., and all other documents served on SeaWorld are attached hereto as Exhibit "B."

4. Plaintiff's Complaint alleges thirteen causes of action, including (1)

1

Case No. _____

DEFENDANTS SEAWORLD PARKS & ENTERTAINMENT, INC. AND SEA WORLD LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

50129347_1.docx

Failure to Recall Laid-Off Employees (San Diego Municipal Code §§ 311.0101 *et seq*.); (2) Wrongful Failure to Hire In Violation of Public Policy (Failure to Recall); (3) Wrongful Failure to Hire In Violation of Public Policy (Age Discrimination); (4) Constructive Discharge in Violation of Public Policy; (5) Failure to Pay Vested Vacation Wages Upon Termination (Labor Code § 227.3); (6) Failure to Pay Minimum Wages; (7) Failure to Pay Overtime Wages; (8) Failure to Provide Lawful Meal Periods; (9) Failure to Authorize and Permit Rest Periods; (10) Failure to Timely Pay Wages Upon Termination (Labor Code §§ 201, 202, and 203); (11) Failure to Provide Accurate Itemized Wage Statements; (12) Violation of Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200, *et seq*.); (13) Civil Penalties Under the Private Attorneys General Act (Labor Code §2698 et seq.).

## CLASS ACTION FAIRNESS ACT JURISDICTION

5.     **Basis of Original Jurisdiction.**  The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  As such, this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

6.     **Number of Putative Class Members.**  Plaintiffs purport to bring this action on behalf of "two classes of individuals: (i) the Laid Off Employee Class:  all employees who are or were employed by Defendants at Sea World San Diego, and were laid off or furloughed by Defendants in, before, or around April 2020 in connection with the COVID-19 pandemic and were not restored to their prior status. (the "Laid Off Employees");"and "(ii) The Wage and Hour Class:  all employees who are currently employed by or were employed by Sea World as non-exempt employees during the liability period (the "Wage and Hour Employees"). (Complaint ("Compl.") ¶10).  Plaintiffs have not alleged the size of the putative class or subclasses, but assuming for purposes of this notice that the putative members of the Wage and Hour Waiting Time Penalty Subclass is comprised solely of terminated (rather than laid-off or "furloughed") non-exempt employees employed by SeaWorld at any time from

November 18, 2018 to May 24, 2021, the putative Wage and Hour Waiting Time subclass includes at least **3163 persons**. (Declaration of Christopher Hagerman ("Hagerman Decl.") ¶ 5).

7. **Diversity of the Parties.** The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant. *Id*. at (d)(2)(A). Plaintiffs, putative class members, are citizens of the State of California. SeaWorld Parks & Entertainment, Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business, and the location from which the highest level of officers direct, control, and coordinate, the corporation's activities, is located in Orlando, Florida. (Declaration of Jeffrey Schwartz, ¶4). Thus, Defendant Sea World Parks & Entertainment, Inc. is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

8. **Amount in Controversy.** Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

9. **Tenth Cause of Action – Failure to Timely Pay Wages Owed at Separation (Waiting Time Penalties).** Plaintiffs allege "Defendants knowingly and willfully failed to pay Plaintiffs and the Waiting Time Subclass Members all wages owed to them pursuant to Labor Code sections 201 and 202." (Compl.¶ 154). The Complaint further alleges that "Plaintiffs and the Waiting Time Subclass members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, vested vacation wages, and paid time off…entitling them to Labor Code §203 penalties." (Compl. ¶155). The statute of limitations for waiting time penalties under *Labor Code* § 203 is three years. *Code of Civil Procedure* § 338(a).

10. Based on a review of Defendants' business records, at least 3,163 non-exempt putative class members were terminated from November 18, 2018 to May 24,

2021.  (Hagerman Decl., ¶ 5).  During that time, which is less than the applicable three-year statutory period, these putative class members received an average hourly rate of $13.78 per hour and worked an average of 5.87 hours per day.  (*Id*.).

11.  Thus, according to Plaintiffs' unqualified allegations that "Defendants knowingly and willfully failed to pay Plaintiffs and the Waiting Time Subclass Members all wages owed to them pursuant to Labor Code sections 201 and 202" upon the termination of their employment, these non-exempt class members are entitled to recover at least **$7,675,519.25** in waiting time penalties:  $13.78 (average hourly rate from November 18, 2018 to May 24, 2021) x 5.87(average hours worked per day) x 30 (maximum days of penalty pay) x 3,163 (minimum number of non-exempt putative class members terminated from November 18, 2018 to May 24, 2021).

12.  As detailed above, the amount placed in controversy by Plaintiff's claims far exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d), even without including potential attorneys' fees or amounts from Plaintiffs' other claims.  Accordingly, removal of this action under CAFA is proper under Section 1332(d).

## COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS

13.  **Timeliness of Removal**.  This Notice of Removal is timely.  28 U.S.C. § 1446(b) provides two 30-day windows for removing a case.  Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

14.  **Venue**. As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the State in which the action is pending.  The state court action was pending in San Diego County Superior Court, which is located within the boundaries of this Court.  Thus, venue is proper in this Court.  28 U.S.C. § 1441(a).

15.  **Copies of Process, Pleadings and Orders**.  As required by 28 U.S.C. § 1446, Defendants hereby provide this Court with copies of all process, pleadings, and orders received and/or filed by Defendants in this action (attached as Exhibits "A" –

"B"). Defendants have not received or served any pleading, process, or order besides those attached.

**16.  Notice to Plaintiff and State Court**.  As required by 28 U.S.C. § 1446(d), Defendants will promptly give written notice of filing to Plaintiffs, and file a copy of the Notice with the clerk of the San Diego County Superior Court.

**17.  Corporate Disclosure Statement**.  As required by Rule 7.1, Defendants concurrently filed their Corporate Disclosure Statement.

**18.  Notice of Party with Financial Interest**.  As required by Local Rule 40.2, Defendants concurrently filed their Notice of Party with Financial Interest.

**19.**  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to address any such question.

**20.**  Accordingly, Defendants remove the above-entitled action to this Court.

DATED: February 17, 2022          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Aaron H. Cole
Susan M. Wilson
Aaron H. Cole

Attorneys for Defendants
SEAWORLD PARKS & ENTERTAINMENT, INC. and SEA WORLD LLC

50129347.1